**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CONCEPCION FRANCIS,** | : | **NO.** |
| **Plaintiff** | : | |
| **v.** | : | |
| **PROGRESSIVE ADVANCED INSURANCE COMPANY,** | : | |
| **Defendant** | : | **JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff, Concepcion Francis, by and through counsel, Cohen, Feeley, Altemose, Berg & McKarski, P.C., brings this Complaint against Defendant, Progressive Advanced Insurance Company, and in support hereof, avers as follows:

## PARTIES

1. Plaintiff, Concepcion Francis ("Plaintiff"), is an adult individual and citizen of the Commonwealth of Pennsylvania, residing in the Commonwealth of Pennsylvania at 647 West Brookdale Street, Allentown, PA 18103.

2. Defendant, Progressive Advanced Insurance Company ("Progressive"), is a corporation that is a citizen of the State of Ohio, having its corporate headquarters and principal place of business located at 6300 Wilson Mills Road, Mayfield Village, OH 44143,

and having an office and regular place of business located at 7535 Windsor Drive, Suite 102B, Allentown, PA 18195.

3. At all times relevant hereto, Defendant, Progressive, acted individually and by and through its agents, servants, workmen and/or employees, acting within the course and scope of their employment and in furtherance of Defendant's business interests.

## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction under Section 1332(a)(1) of Title 28 of the United States Code, 28 U.S.C. Section 1332(a)(1) and (a)(2).

5. This Court has venue over this action pursuant to 28 U.S.C. Section 1391(b)(2).

**FACTS**

6. On or about May 17, 2024, Plaintiff was operating a 2016 Volvo S60 owned by Patricia Taylor ("Taylor") (the "Volvo") in an easterly direction on Main Street in Stroudsburg Borough, Monroe County, Pennsylvania, approaching the intersection of Main Street and N. 5th Street (the "intersection"), which was controlled by a traffic signal.

7. On the date and at the place and time as aforesaid, the traffic signal for eastbound traffic on Main Street displayed a green light, and Plaintiff lawfully proceeded into the intersection.

8. On the date and at the place and time as aforesaid, Korrie Werner Hennemuth ("Hennemuth"), an adult individual residing in Stamford, Connecticut, was

operating a 2018 Hyundai Elantra in a southerly direction on N. 5th Street in the far right turn lane at the intersection.

9. On the date and at the time and place as aforesaid, Hennemuth had a green arrow permitting her only to turn right onto westbound Main Street, but a red light if she intended to proceed straight through the intersection, but instead mistook the green arrow for the light to proceed straight, ran the red light, and drove straight across the intersection toward Broad Street into the path of the Volvo while eastbound traffic on Main Street had a green light, causing the vehicles to collide violently, disabling both vehicles, and causing Plaintiff to suffer the injuries and damages set forth at length below.

10. The aforesaid accident was caused by the negligence and carelessness of Hennemuth, in that she, inter alia, did:

(a). fail to have her automobile under proper and adequate control at the time of the accident to avoid striking the vehicle being operated by Plaintiff;

(b). operate her automobile at a high and excessive rate of speed and drive her automobile at an unsafe speed under the circumstances then and there existing;

(c). operate her automobile without the same being equipped and supplied with proper brakes and other safety appliances when she knew, or should have known of such defective conditions;

(d). fail to give proper and sufficient warning to Plaintiff of the approach of her automobile;

(e). fail to keep a careful and diligent watch on the highway to protect the rights, safety and position of Plaintiff and others similarly situated;

(f). fail to apply her brakes in a timely fashion in order to avoid colliding with the vehicle being operated by Plaintiff;

(g). fail to swerve her car or otherwise avoid colliding with the vehicle being operated by Plaintiff;

(h). fail to yield the right-of-way to the vehicle being operated by Plaintiff who was lawfully situated at the time of the accident;

(i). fail to maintain a proper, safe, and adequate look- out under the circumstances;

(j). fail to properly maintain the automobile in such a condition as to adequately safeguard the rights, safety and position of Plaintiff and others similarly situated;

(k). fail to obey the green turn arrow and turn right onto Main Street as the traffic signal directed;

(l). operate the automobile while distracted by activities, objects and events occurring within and outside the automobile, when she knew, or should have known, she was distracted and unsafe and in conscious disregard of the risk presented thereby;

(m). take her eyes off the roadway to focus on activities in which she was engaged within the automobile;

(n). focus her attention on her activities within the vehicle instead of the roadway and traffic ahead of her;

(o). enter the intersection against a red traffic signal while traffic on Main Street had a green light;

(p). fail to look, and continue to look for Plaintiff's vehicle and other traffic proceeding through the intersection to determine the actions and intended actions of the drivers of those vehicles, and their speed, position and actions;

(q). proceed straight through the intersection from a lane designated for right turns;

(r). fail to see and obey or disregard the red traffic signal;

(s). operate her vehicle in violation of the laws and statutes of the Commonwealth of Pennsylvania governing obedience to traffic-control signals; lane usage; operating vehicles within the speed limit and at a safe speed; and yielding the right-of-way.

11. Solely as a result of the carelessness and negligence of Hennemuth, Plaintiff was caused to suffer injuries to his bones, joints, muscles, tendons, blood vessels and soft tissues throughout his entire body, both internally and externally, all of which may be permanent, including, but not limited to: injuries to spine; the right hand and thumb; both lower extremities; and the left shoulder.

12. As a result of the above injuries, Plaintiff has been and may be in the future obliged to expend various and diverse sums of money for medicine and medical treatment in an effort to cure the above injuries, all to his great loss and detriment.

13. As a result of the above injuries, Plaintiff has suffered and may in the future suffer a loss of his earnings and earning capacity for an indefinite period of time into the future, all to his great financial loss and detriment.

14. As a result of the above accident and injuries sustained thereby, Plaintiff has suffered physical pain, mental anguish, anxiety, embarrassment, disfigurement and humiliation and may continue to suffer the same for an indefinite period of time in the future, all to his great loss and detriment.

15. As a result of the above injuries, Plaintiff has been unable to engage in his usual and customary social and recreational activities and other life's pleasures and may be prevented from engaging in such activities in the future, all to his great loss and detriment.

16. On the date of the aforesaid accident, Hennemuth was an insured under a policy of liability insurance issued by GEICO General Insurance Company, or one of its parent, affiliate, divisions, or subsidiary companies ("GEICO"), providing a per person bodily injury liability limit in the amount of $100,000 (the "GEICO Policy").

17. The GEICO Policy was the only liability policy that provided liability coverage to any party whose negligence or carelessness caused the aforesaid accident.

18. At the time of the aforesaid accident, Taylor was the first named insured under an automobile insurance policy contract with Defendant, Progressive, bearing Policy #10901109 that insured the Volvo and was in full force and effect (the "Policy").

19. At all times relevant hereto, the Policy provided Underinsured Motorists ("UIM") coverage in the amount of $100,000 each person to compensate occupants of the Volvo who are injured by the negligence or carelessness of an underinsured driver.

20. At the time of the accident, Plaintiff was occupying the Volvo, a vehicle insured under the Policy.

21. Plaintiff is an insured for UIM coverage for this accident with Defendant, Progressive, in the amount of $100,000 as the occupant of a vehicle insured under the Policy who was injured by the negligence and carelessness of an underinsured driver.

22. At all times relevant hereto, Taylor paid all premiums due to Defendant, Progressive, for the UIM coverage under the Policy.

23. Upon information and belief, pursuant to said UIM coverage, Defendant, Progressive, is required to pay Plaintiff those damages that the law entitles Plaintiff to

recover from the negligent owner or operator of a motor vehicle which exceed the liability limits of the liability policy covering the negligent owner or operator of a motor vehicle, up to the limits of UIM coverage, which means that in the subject action, Defendant, Progressive, is required to pay the first $100,000 in Plaintiff's damages for bodily injury in excess of $100,000, the GEICO Policy's liability limits.

24. In or about May 2026, GEICO tendered its $100,000 liability limits under the GEICO Policy to Plaintiff in full and final settlement of Plaintiff's claims against Hennemuth in exchange for Plaintiff executing a release in favor of Hennemuth and GEICO.

25. Plaintiff sought from Progressive, and by letter dated June 8, 2026, Progressive granted Plaintiff, written consent to settle his liability claims and waived its subrogation rights against Hennemuth.

26. Plaintiff thereafter settled the liability claim against Hennemuth pursuant to a release.

27. Pursuant to the evidence, the value of Plaintiff's damages far exceeds the GEICO Policy's $100,000 liability limits and may equal or exceed the sum of $200,000, and thus entitles Plaintiff to recover up to the entire $100,000 UIM limits available under the Policy.

28. At all times relevant hereto, Taylor and Plaintiff have complied with all terms and obligations of the Policy, and fulfilled all of the duties placed upon them by the terms of the Policy to enable Plaintiff to pursue a UIM claim against Defendant, Progressive, and

recover all damages recoverable under the Policy's UIM coverage up to the limits thereof, and have cooperated with the Defendant, Progressive.

29. Despite the fact that the evidence proves that Plaintiff's damages caused by the negligence and carelessness of Hennemuth have a value in excess of the GEICO Policy's liability limits and up to the $100,000 UIM limits under the Policy, Defendant, Progressive, has not offered Plaintiff any UIM benefits at all.

**COUNT I**

**(Breach of Contract/Claim for Underinsured Motorist Benefits)**

**Concepcion Francis**
**v.**
**Progressive Advanced Insurance Company**

30. Plaintiff incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

31. As a direct and proximate result of the above-described motor vehicle accident and the negligence and carelessness of Hennemuth causing said accident, Plaintiff suffered the injuries and damages more fully set forth above.

32. Plaintiff and Defendant, Progressive, have a dispute over the amount of UIM benefits due and owing to Plaintiff under the Policy as a result of the aforesaid accident.

33. Pursuant to the Policy's terms as represented by Defendant, Progressive, this dispute must be presented to a court of competent jurisdiction where Plaintiff resides.

34. At all times relevant hereto, Plaintiff has resided in Lehigh County, Pennsylvania.

35. A Court of competent jurisdiction in Lehigh County, Pennsylvania is the United States District Court for the Eastern District of Pennsylvania.

36. Plaintiff is owed by Defendant, Progressive, contractual and statutory duties incorporated into the Policy to fairly, timely and objectively investigate, evaluate, negotiate and pay the fair and reasonable value of Plaintiff's damages in the subject UIM claim.

37. To date, Defendant, Progressive, has failed to fulfill its contractual duties to fairly, timely and objectively investigate, evaluate, negotiate and pay the fair and reasonable value of Plaintiff's damages in the subject UIM claim.

38. By failing to pay any sum to Plaintiff up to the entire $100,000 UIM limits as of this date, Defendant, Progressive, has breached its aforesaid contractual duties to fairly, timely and objectively investigate, evaluate, negotiate and pay the fair and reasonable value of Plaintiff's damages in the subject UIM claim.

39. Defendant, Progressive's breach of the contractual duties owed to Plaintiff under the Policy has caused Plaintiff to incur losses and damages up to and including $100,000.

40. Plaintiff is entitled to recover and receive payment from Defendant, Progressive, of UIM benefits in an amount up to and including $100,000 under the terms of the Policy.

WHEREFORE, Plaintiff, Concepcion Francis, demands judgment against Defendant, Progressive Advanced Insurance Company, in an amount in excess of seventy-five thousand and 00/100 Dollars ($75,000.00), plus interest, costs of suit, delay

damages and other relief as this Honorable Court deems just and proper.

Respectfully submitted,

COHEN, FEELEY, ALTEMOSE, BERG
& McKARSKI, P.C.

By: /s/ Mark K. Altemose

Mark K. Altemose, Esquire
2851 Bagylos Circle
Bethlehem, PA 18020
(610) 625-2100
maltemose@cohenfeeley.com

ATTORNEY FOR PLAINTIFF